## PEYRAUD et al. v. GRAY.
### No. 9000.

Circuit Court of Appeals, Eighth Circuit.
March 13, 1931.

Jesse A. Miller, of Des Moines, Iowa (Oliver H. Miller, of Des Moines, Iowa, on the brief), for appellants.

O. M. Brockett and Porter, Brockett & Porter, all of Des Moines, Iowa, for appellee.

Before STONE and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

STONE, Circuit Judge.

This is an insurance interpleader proceeding under USCA, title 28, § 41 (26). The insurance was upon the life of Henry Gray. The dispute is between the widow, who claims to be the sole beneficiary under the policy, and two daughters, each of whom claims to be a beneficiary to the extent of one-third. The insurance company paid the fund into court, disclaiming any interest therein. Although appellee claimed the amount should have been larger than that paid into court, that matter was resolved in favor of the company, and there is no appeal therefrom. Each party has filed pleadings asserting the above claims. From a decree in favor of the widow, this appeal is brought.

As issued, the widow was the beneficiary under the statement in the policy "to Emma B. Gray, wife of the insured, if living, otherwise to the insured's administrators or assigns." The issue here arises from changes in beneficiary thereafter. There is no question of the right of the insured to make the changes here involved. The question is as to what he did and the legal effect thereof.

January 29, 1906, insured executed a change of beneficiary by naming the daughters as "additional beneficiaries under the said policy, and direct that the benefits thereunder be paid at my decease to such beneficiaries, share and share alike." The insurer consented thereto. This paper was found in possession of the insurer, after the death of insured. The policy required "indorsement of the same on the policy" in order for it to take effect. Whether it was ever so indorsed is the one disputed fact in the case. The only evidence is that something seems to have been pasted on and torn off the policy underneath where the next change of beneficiary was pasted on; that the above change was on a form which exactly fits the matter torn off, and there is no claim that any changes were made except the two now involved, nor that any other indorsement was ever pasted on at this place in the policy. This would seem to establish that this change had been indorsed (by pasting) on the policy and torn off before the last change was pasted on. That last change was of February 10, 1906, was accepted by the insurer, and was found indorsed (by pasting) on the policy after death of insured. It was "that in the event of said policy becoming a claim, and Emma B. Gray, related to me as wife, designated as beneficiary under said policy, is not living at the time, the benefits under said policy be paid to Clara I. and Ruth Gray, related to me as daughters, share and share alike, if both are living, otherwise to the survivor, otherwise as directed in the policy."

The contention of appellants is that, at the time this last change was made, the daughters were joint beneficiaries with the widow, and that the change intended by this indorsement was merely to take care of the contingency of the death, before the insured, of the widow and to direct the disposal of her then one-third interest. We think the evidence will not support that theory. The last change might be so construed if the first change had been found indorsed on the policy and left there after the second change, because it might well be said that insured regarded the first change as still effective. Therefore the second change would necessarily have been construed in the light of that situation and with the purpose of giving effect to both changes. But the first change was torn off before the second change was indorsed (pasted) thereon. This is shown by the physical condition of the policy itself. The policy shows no indorsement of any change except by pasting onto the margin. It shows no pasting except at the place where the second change is pasted. When held to the light, as suggested by counsel, it appears that something had been pasted at this same place before the second indorsement was pasted on, because it shows a narrow marginal edge which the paste held when the paper was torn off. It shows also that this paper was torn off before the second indorsement was pasted on, because the second was put on with a wider strip of paste—the fragment of the first paper is under and narrower than the paste strip of the present indorsement. The situation thus revealed is that the first indorsement was removed before the present indorsement was attached. The second change fits the original policy and it describes the widow as "designated as beneficiary under said policy."

Appellants urge two other matters of evidence as supporting their claims. The first is that the case card of the insurer showed all three of these parties designated as beneficiaries. The only evidence as to this card was that it was in the insurer's files. As to how or when or by whom the entries therein were made, the record is silent. Whether this entry was made before or after the second change is not shown. But, no matter when or how made, it was merely a private record of the insurer, not shown to have been known to, much less consented to by, any of these parties. Even if known and consented to by the parties, it would have been, at most, only evidence in the nature of admissions against interest as to the meaning of a contract with the making of which they had nothing to do. In the present state of this evidence it has no probative value on the matter here involved.

The other matter is that the proof of death was signed by all three parties here. This proof was on insurer's form which set forth twelve matters for information. The first was "Names of Claimants in full," under which were the names of these three parties. All of the information required by the form was furnished except as to two matters in the form of questions, which were left unanswered, although questions immediately preceding and following these two were answered. These two were as follows:

"9—Is the policy in your possession? Has it been assigned? If so, to whom and when?

"Are there any endorsements on the policy other than those made by the company? (If so, furnish a sworn copy.)

"10—In what capacity or by what title do you make this claim?

"Are you legally entitled to receive the entire proceeds of the Policy?"

It is significant that these questions were the only ones unanswered. It suggests either ignorance of the contents of the policy or, as to 10, a difference of opinion. There is nothing inconsistent with the three joining in the proof and designating themselves as "claimants" if either they were ignorant of the terms of the policy or were not agreed as to their rights among themselves; the main purpose of this proof of death was to comply with the policy and thus bind the insurer to payment of the loss. It could have no bearing upon the relation of these parties inter sese unless it revealed some admission against interest, which we think it does not necessarily do under the circumstances here present.

The language of the second change and the above evidence convince that the meaning of this change contended for by appellants should not be approved, but that the expression and intention thereof was to designate successive beneficiaries as follows: The widow, the two daughters, the survivor of the two daughters, the administrators or assigns of the insured. As the widow survived and was the first in line of succession of the beneficiaries, she was rightly awarded the fund paid into court by the interpleader.

The decree should be affirmed.